# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7130 | DATE | 5/12/2004 |
| CASE TITLE | DAVID DESPOT vs. COMBINED INSURANCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion (12-1) to dismiss is granted in part and denied in part. Plaintiff's oral motion for appointment of counsel is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 18 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 17 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAVID DESPOT,

    Plaintiff,

v.

COMBINED INSURANCE COMPANY
OF AMERICA, AON CORPORATION,
RICHARD M. RAVIN and PATRICK G.
RYAN,

    Defendants.

No. 03 C 7130
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

On October 8, 2003, pro se Plaintiff David Despot filed a 29 Count Complaint against Defendants Combined Insurance Company of America ("Combined"), Richard Ravin, AON Corporation ("AON"), and Patrick Ryan. On December 21, 2001, Combined offered Plaintiff employment as Executive to the President. Plaintiff accepted this position and worked at Combined until his termination on April 16, 2002.

The Defendants now move to dismiss all 29 Counts in Plaintiff's Complaint. A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

### 1. Defendants Patrick Ryan and AON

As a preliminary matter, Defendants argue that Patrick Ryan and AON should be dismissed from this suit as a matter of law. AON is the parent corporation of Plaintiff's former employer, Combined, and Patrick Ryan is AON's CEO. Although Plaintiff names Ryan and AON in each of the counts in his Complaint, he does not make any factual allegations against them. Plaintiff seems to base AON's alleged liability on their corporate parent status. However, the mere allegation of corporate parent status is not itself a basis of liability for a subsidiary's actions. *Bishop v. ABN-AMRO Servs. Co.*, No. 02 C 7330, 2003 U.S. Dist. LEXIS 12368 (N.D. Ill. July 16, 2003). Therefore, I am dismissing AON from this case. Because Ryan's only connection to this lawsuit is his position as CEO of AON, he is also dismissed.

### 2. Plaintiff's Claims of Discrimination: Counts VIII-X, XIII, XIV, and XXIV-XXVI

Counts VIII-X, XIII, XIV, and XXIV-XXVI state claims for discrimination based on family status, gender, sex, and marital status, hostile work environment, and retaliation. Such claims of discrimination may be brought under either the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-102(A), or under Title VII, 42 U.S.C. § 2000e-5. However, both the IHRA and Title VII require, as a prerequisite to filing a lawsuit, that a plaintiff first file charges with the proper governmental body, the Illinois Human Rights Department ("IHRD") under the IHRA and the Equal Employment Opportunity Commission ("EEOC") under Title VII, within a specified period of time after the discriminatory event occurred. Plaintiff failed to file charges with the IHRD within the IHRA's requisite 180 days and failed to file charges with the EEOC within Title VII's requisite 300 days. See 775 ILCS 5/7A-102(A)(1) and 42 U.S.C. § 2000e-5(e). Therefore,

I find that Plaintiff's claims of discrimination are barred by the IHRA and Title VII and should be dismissed.

### 3. Plaintiff's Claims for Defamation and Invasion of Privacy: Counts V, VI, and XX

Counts V, VI, and XX state claims for slander, libel, and invasion of privacy. Chapter 735, Section 5/13-201 of the Illinois Compiled Statutes provides that "actions for slander, libel or for publication of a matter violating the right of privacy, shall be commenced within one year after the cause of action occurred." 735 ILCS 5/13-201. The events upon which Plaintiff bases his claims occurred before April, 2002 – 18 months before his Complaint was filed. Therefore, I find that Plaintiff's claims of slander, libel, and invasion of privacy are barred on statute of limitations grounds and should be dismissed.

### 4. Plaintiff's Contract Related Claims: Counts I, II, XVI, XIX, and XXIII

Plaintiff bases his claims for breach of contract and interference with contract claims, Counts I, II, XVI, XIX, and XXIII, on the offer letter sent to him on December 21, 2001. However, this offer letter did not state a fixed duration for his employment. Under Illinois law, an offer letter without a fixed duration does not constitute an enforceable employment contract. *Owens v. Second Baptist Church*, 163 Ill. App. Ed 442, 445-6 (Ill. App. Ct. 1987). Accordingly, I find the offer letter was not an enforceable contract and cannot form the basis of his breach of or interference with contract claims. These claims are dismissed.

### 5. Plaintiff's Claim for Interference With Business Relations: Count XVIII

Plaintiff alleges that the Defendants interfered with his business relations. However, a corporate employer cannot interfere with the business relationships existing between it and its employees. Put another way, this tort requires a showing of interference by a third party. *Vickers*

3

*v. Abbott Lab.*, 308 Ill. App. 3d 393, 411 (Ill. App. Ct. 1999). Since Plaintiff has not alleged the involvement of a 3rd party, I find this claim should be dismissed.

### 6. Plaintiff's Claims of Fraud, Misrepresentation, and Failure to Disclose: Counts VII, XII, and XXI

In Counts VII, XII, and XXI, Plaintiff alleges that Defendants failed to disclose information to him, made misrepresentations to him, and defrauded him. Rule 9(b) of the Federal Rules of Civil Procedure states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." However, "[a] pro se complaint is held to 'less stringent standards than formal pleadings drafted by lawyers,' and can be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999) (internal quotations omitted). Plaintiff has alleged that Defendant Ravin made untrue statements, during their employment negotiations, on which Plaintiff relied and which caused him harm. While this would probably not meet the standard required of a lawyer's pleading, it is sufficient for a pro se plaintiff. Thus, I find these claims meet the requirements of Rule 9(b) and should not be dismissed.

### 7. Plaintiff's Claim of Emotional Distress: Count XV

Defendants argue that Plaintiff's infliction of mental and emotional distress claim should be dismissed for failure to state the required elements of a claim for either intentional infliction of emotional distress or negligent infliction of emotional distress. For both claims, the Plaintiff must actually allege that he suffered an extreme emotional response. *See Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001); *Brackett v. Galesburg Clinic Ass'n*, 293 Ill. App. 3d 867 871 (Ill.

4

App. Ct. 1997). Since Plaintiff does not allege any emotional response let alone suffering, I find this claim should be dismissed.

### 8. Plaintiff's Claim for Negligence: Count XXII

Defendants argue that Plaintiff's claim of negligence should be dismissed for failure to plead any facts that would support such a claim. To state a claim for negligence Plaintiff must first allege the existence of a duty. *Lafever v. Kemlite Co.*, 185 Ill 2d 380, 388 (1998). To the extent that Plaintiff bases his negligence claim on Combined's duty as an employer to provide him with a safe working environment, free from harassment or discrimination, any such claims would be preempted by the IHRA. *Wootten v. Fortune Brands Inc.*, No. 98 C 4603, 1999 U.S. Dist. LEXIS 14267 at *7 (N.D. Ill. Aug. 25, 1999). Since Plaintiff does not allege any other possible basis for the requisite duty, I find his claim of negligence should be dismissed.

### 9. Plaintiff's Claim of Trespass: Count XXVII

Defendants argue that Plaintiff's claim of trespass should also be dismissed for failure to plead any facts that would support such a claim. "Trespass is an intentional invasion of the exclusive possession and physical condition of land...A person must know with a high degree of certainty that the intrusion will naturally follow from his act before liability for trespass attaches." *Freese v. Buoy*, 217 Ill. App. 3d 234, 244 (Ill. App. Ct. 1991). Plaintiff has not alleged either a physical invasion of his property or an intent by Defendants to cause such an invasion. Therefore, I find Plaintiff's claim of trespass should be dismissed.

10. Plaintiff's Claims for Breach of Confidentiality, Conflict of Interest, Intentional Misconduct, Duress, and Other Civil Wrongs as May Deem Just and Appropriate: Counts II, IV, XI, XVII, and XXIX

Plaintiff's claims for breach of confidentiality, conflict of interest, intentional misconduct, and other relative civil wrongs as may deem just and appropriate, Counts II, IV, XI, XVII, and XXIX, are not recognized causes of action under Illinois law. Since these claims are without any legal basis, they are dismissed. Additionally, Plaintiff's claim for duress is misused. Duress is an affirmative defense and not a legally recognized claim for relief. *Krilich v. Am. Nat'l Bank & Trust Co.*, 334 Ill. App. 3d 563, 572 (Ill. App. Ct. 2002). Therefore, Plaintiff's claim for duress is also dismissed.

For the reasons stated herein, Defendants Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff's renewed request for appointment of counsel is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 12 May 2004